# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 2:24-cv-3474
                                        Also Case No. 2:19-cr-001

                                          District Judge Edmund A. Sargus, Jr.
                                          (as to the Civil Case)
                                          District Judge James L. Graham
                                          (as to the Criminal Case)

    -  vs  -                                Magistrate Judge Michael R. Merz

DARWIN KEITH MACK, JR.,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

The civil case numbered above is a habeas corpus case under 28 U.S.C. § 2241 filed June 24, 2024, in which Defendant seeks release of the federal detainer placed on him at his present place of confinement in Ohio state custody. Mack asserts he has completed his twenty-seven month federal sentence for drug-related offenses and there is no longer any justification for the detainer. Upon filing the civil case was randomly assigned to District Judge Sargus and referred to the undersigned pursuant to Amended General Order 22-05.

A cursory examination of the docket in Mack's criminal case reveals he is incorrect in his factual assertions. His sentence in that case was twenty-seven months, followed by three years

1

supervised release (Judgment, ECF No. 37 in 2:19-cr-001).  On March 22, 2023, District Judge Graham, the judge assigned to the criminal case, issued a warrant for Mack's arrest on charges of violating the conditions of his supervised release by re-engaging in serious drug trafficking offenses. *Id.* at ECF No. 46.  That warrant has not been returned and the docket does not indicate Mack has appeared on those charges, so presumably the United States Marshal lodged the warrant with state officials and that is the detainer on which Mack is now being held.

In any event, Mack is not entitled to be released under 28 U.S.C. § 2241 and his habeas corpus petition in the civil case should be dismissed with prejudice.  The Clerk should then bring this matter to Judge Graham's attention for his decision whether to leave the detainer in place or issue a writ of habeas corpus ad prosequendum to resolve the charged supervised release violation.

The Clerk shall docket this Report in the above-numbered civil case only and provide copies to Magistrate Judge King and District Judge Graham.

**Conclusion**

In accordance with the analysis just offered, the Magistrate Judge respectfully recommends the Petition in 2:24-cv-3474 be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant/Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 28, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
